UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JERROLD SCHWARTZ,

                        Petitioner,                      05 Civ. 10305 (RPP)

         - against -                          OPINION AND ORDER

SUSAN CONNELL,

                        Respondent.
------------------------------------------------------------X

ROBERT P. PATTERSON, JR., U.S.D.J.

      Jerrold Schwartz ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction upon a guilty plea, in New York State Supreme Court, New York County, to four counts of sodomy. Petitioner argues that (1) he received ineffective assistance of counsel; and (2) "the indictment was constitutionally deficient in that it lacked adequate specificity as to the dates of the alleged offenses." (Pet.'s Mem. 2.)

## BACKGROUND

**A. Relevant Facts**

      On July 9, 2001, Petitioner was charged in an indictment containing thirty-six counts of sodomy. The charges were based on allegations that between September 1, 1996 and May 21, 1997, Petitioner had "improper sexual contact" with a boy who was under the age of 17. (Declaration of Mark Gimpel ("Gimpel Decl."), dated February 6, 2006, ¶ 2.) During that time, Petitioner was a troop leader for the Boy Scouts of America ("Boy Scouts"); Complainant was a member of his troop. (Id.)

      The criminal charges against Petitioner followed the filing of a civil suit by Complainant against Petitioner, the Boy Scouts, and several other defendants. (See Complaint, dated May 17,

2001 ("Compl."), attached as Ex. A to Gimpel Decl.)  Aside from Complainant's allegations, the State's case was supported by a tape recording made by Complainant (unbeknownst to Petitioner) in which Petitioner apologized for his conduct.  (Transcripts, dated April 17 and 18, 2001, Gimpel Decl., Exs. B and C.)

Initially, Petitioner was represented by Charles Stillman, Esq., who had been retained as counsel in the civil suit. (Gimpel Decl. ¶ 4.)  After receiving a voluntary disclosure form from the State (attached as Ex. E to Gimpel Decl.), Mr. Stillman moved for a bill of particulars specifying when and where each of the events charged took place.  (Gimpel Decl. ¶ 9.)  On March 25, 2002, after several motions and hearings on the issue, the State presented Mr. Stillman with a bill of particulars, identifying with some more precision the dates on which, and places where, some of the alleged acts had taken place, but remaining unspecific as to other counts (Gimpel Decl. Ex. N.)

On March 26, 2006, Mr. Stillman withdrew as counsel, and Joseph Bondy, Esq., who had been assisting Mr. Stillman on a voluntary basis, took over representation.  (Transcript dated March 26, 2002, Gimpel Decl., Ex. O.)  Mr. Bondy was joined by Robert Fogelnest, Esq,. who made a first appearance before the court on April 23, 2002.  (See Transcript dated April 23, 2002 ("4/23 Tr."), attached as Ex. P to Gimpel Decl.)  At this appearance Mr. Fogelnest advised the court that he needed a period of time to review the file, and to consider a "non-trial disposition." (Id. at 4.)[1]  At a subsequent hearing on May 7, 2002, the Petitioner withdrew his plea of not guilty, and pled guilty before Justice Charles H. Solomon pursuant to an agreement with the State.[2]  (See Transcript, dated May 7, 2002, attached as Ex. Q to Gimpel Decl.)

---

[1] Mr. Fogelnest had been retained 48 hours earlier.  (See  4/23 Tr. 5.)
[2] At that time the District Attorney stated that he would recommend consecutive terms of 1-1/3 to 4 years for two counts, for a sentence of 2-2/3 to 8 years.

2

**B. Procedural History**

Petitioner pled guilty to four counts of Sodomy in the Third Degree (N.Y. Penal Law § 130.40(2)), on May 7, 2002. (Gimpel Decl. ¶ 27.) On August 23, 2002, Petitioner was sentenced, on two counts of Sodomy in the Third Degree, to consecutive terms of one and one-third to four years imprisonment.[3] (Id. at ¶ 32.) On direct appeal, Petitioner challenged his conviction on the grounds that the indictment failed to specify the times of the alleged offenses, that the sentence was illegally imposed because the judge failed to identify the counts on which he was imposing sentence, that the Petitioner was denied effective assistance of counsel, that the sentencing judge improperly considered the letter of another alleged victim at the sentencing hearing, and that the sentence was excessive. (Pet.'s App. Br., attached as Ex. A to Resp.'s Opp'n. Mem.)[4] The Appellate Division, First Department, affirmed the conviction and sentence on May 25, 2004. Thereafter, leave to appeal to the New York Court of Appeals was denied. People v. Schwartz, 776 N.Y.S.2d 800 (1st Dep't 2004), lv. denied, 816 N.E.2d 577 (2004).

On November 9, 2004, Petitioner moved, pursuant to Section 440.10 of the New York Criminal Procedure Law, to vacate his conviction on the grounds that he was denied effective assistance of counsel, the right to be present at critical stages of the proceeding, due process of law because his sentence was based on false information, and, that his conviction was barred by the statute of limitations. (Pet.'s Mot. for Relief Pursuant to N.Y. Crim. Proc. Law § 440.10 ("Pet.'s § 440 Mot."), attached as Ex. G to Declaration of Chelsea Chaffee, Esq., dated March 6, 2006.) By order dated March 29, 2005, Honorable Charles H. Solomon denied Petitioner's

---

[3] Petitioner pled guilty to four counts, rather than two counts, of sodomy to assure his appearance at sentencing, due to his request for a longer than usual period in which to get his affairs in order. As negotiated, the court sentenced Petitioner on only two of those counts. (Gimpel Decl. ¶ 27.)

[4] Respondent's Answer to Petitioner's § 2254 petition includes an Appendix containing the parties' post-trial briefs with exhibits containing additional exhibits, as well as post-trial court decisions in the state proceedings. Between this Appendix and the Appendix attached to Petitioner's brief, the Court has a full record of the decisions and legal arguments made in the proceedings below.

Section 440.10 motion.  People v. Schwartz, Ind. No. 3771/01, slip op. (Sup. Ct., New York Co. Mar. 29, 2005) (Justice Solomon dismissed those ineffective assistance of counsel claims which had been raised on direct appeal and rejected by the Appellate Division, and held that the other ineffectiveness claims were procedurally barred because Petitioner could have raised them on his direct appeal.).  By order dated June 3, 2005, the Appellate Division, First Department denied Petitioner's leave to appeal the denial of his Section 440.10 motion.  People v. Schwartz, Ind. No. 3771/01, slip op. (1st Dept. June 7, 2005).  The instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on February 6, 2006.  For the reasons that follow, the Petition is denied.

## DISCUSSION

Petitioner makes two constitutional claims.  First, that the indictment under which he was charged was not specific enough to meet the Sixth Amendment guarantee that a defendant be "informed of the nature and cause of the accusation" against him.  U.S. CONST. amend. VI.  Second, Petitioner argues ineffective assistance of counsel, in violation of his Sixth Amendment right to counsel.[5]

**A. Standard of Review**

A petitioner in custody pursuant to a state court judgment is entitled to habeas relief if he can show that his detention violates the U.S. Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  Before bringing his petition to federal court, the petitioner must have exhausted his state court remedies.  Id. § 2254(b)(1)(A).  If a petitioner's claims were previously decided on the merits, habeas relief may be granted only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[5] Petitioner raises several claims under the umbrella of ineffective assistance of counsel, they are addressed in part C.

4

determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The standard of deference due to a state court decision "on the merits" is very high. See Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006).

**B**. **Sufficiency of the Indictment**

Petitioner claims that the indictment violated his Sixth Amendment right to know the "nature and cause of the accusation." (Pet.'s Mem. 30-33.) He claims that the indictment did not allege the dates of the crimes with enough specificity, in violation of the federal Constitution and New York state law. (Id. at 30); N.Y. CRIM. PRO. LAW § 200.50 (McKinney 2006) ("An indictment must contain . . . (6) A statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time.").

To the extent Petitioner's claims stem from violations of New York state law, they are not cognizable in a federal habeas petition. In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court made clear that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 67-68. Here, the Appellate Division held that the indictment did not violate New York law. See People v. Schwartz, 776 N.Y.S.2d at 801 ("The indictment was not jurisdictionally defective. Each count alleged a single incident falling within a specific one-month period, which provided defendant with fair notice of the charges and was reasonable given all the surrounding circumstances including the victim's age and the passage of time." (citations omitted)). Its decision on state law is not reviewable in this Section 2254 proceeding.

5

Secondly Petitioner argues that the one-month time spans alleged in each count of the indictment were insufficiently concrete to give him the notice that the United States Constitution demands. (Id. at 30-31); see Rosen v. United States, 161 U.S. 29, 34 (1896) ("[T]he indictment shall apprise [defendant] of the crime charged with such reasonable certainty that he can make his defense and protect himself after judgment against another prosecution for the same offense.").

This claim—though grounded in the federal Constitution—was waived by defendant's guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has . . . admitted . . . that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.") The Supreme Court clarified its position on attacking antecedent constitutional violations in Menna v. New York, 423 U.S. 61 (1975):

> [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

Id. at 63 n.2. Here, Petitioner's claim is that the indictment was not specific enough to alert him of the acts with which he was charged. His guilty plea, however, established factual guilt rendering irrelevant the sufficiency of the charging instrument.

### C. Ineffective Assistance of Counsel

Petitioner also claims that his conviction should be overturned because the attorneys who represented him before, and at the time of, his guilty plea were ineffective. He asserts four

grounds on which his counsel was ineffective. First, that they were ineffective for their failure to move for dismissal of the indictment on the ground that it was duplicitous. Second, that their failure to have Petitioner review the bill of particulars rendered their performance ineffective. Third, that they were unprepared for trial. Finally, Petitioner alleges that they were ineffective at sentencing for failing to object to several errors in the presentence report and to evidence admitted at sentencing, and for denigrating Petitioner to the sentencing judge.

### 1. Failure to Move for a Dismissal of the Indictment

Petitioner first claims that his lawyers were ineffective for failing to move for a dismissal of the indictment. He claims that the indictment, as informed by the bill of particulars submitted by the State, was duplicitous in that it charged more than one offense in each count.[6] (Pet.'s Mem. 5.) He asserts that had counsel sought a dismissal based on the indictment, as particularized by the bill of particulars, the charges would have been dismissed in their entirety. He argues that counsel's failure to make such a motion rose to the level of ineffective assistance of counsel. (Id. at 6.)

The Second Circuit has held that "[t]he settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." Lebowitz v. United States., 877 F.2d 207, 209 (2d Cir. 1989). It has also held that this rule applies to ineffective assistance of counsel claims directed at defense counsel's legal errors. See United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. He may only attack the voluntary

---

[6] New York Law states: "[e]ach count of an indictment may charge one offense only." N.Y. CRIM. PROC. LAW § 200.30 (McKinney 2006).

7

and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards."); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (declining to address the merits of an ineffective assistance of counsel claim that counsel failed to call certain witnesses at a pretrial suppression hearing because it occurred previous to Defendant's guilty plea); see also Smith v. Burge, 2005 WL 78583 at *7 (S.D.N.Y. 2005) ("[T]o the extent [Petitioner's argument concerns the purported failure of trial counsel to raise [a legal] defense prior to his plea, his claim is not cognizable.").

      Petitioner argues that not moving to dismiss the charges did affect his plea because had he known of this "prosecution-ending" motion, he would not have pled guilty. In Vasquez v. Parrott, 397 F.Supp.2d 452 (S.D.N.Y. 2005), Judge Koeltl considered whether defense counsel's failure to "support a second speedy trial motion," went to the voluntary nature of defendant's plea. He refused to consider the claim on its merits stating that "the petitioner's unconditional guilty plea waives the separate claim that he was denied effective assistance of counsel because of his counsel's failure to support the second speedy trial motion, because that motion did not relate to the character of his guilty plea." Id. at 464. A motion to dismiss for a duplicitous indictment is similar to a speedy trial motion in that both can result in a dismissal of charges against the defendant. Both errors, however, are rendered irrelevant in the face of defendant's plea of guilty since this admission is, in most cases, convincing factual evidence of actual guilt. See Smith v. Burge, No. 03 Civ. 8648, 2005 WL 78583, at * 8 (S.D.N.Y. 2005) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.")

### 2.  Failure to Show Petitioner the Bill of Particulars

Petitioner's second claim is that his trial attorneys were ineffective for failing to show him the bill of particulars.  (Pet.'s Mem. 20-24.)  He claims that had they shown him the bill of particulars, he would have been able to show that it was "riddled with inaccuracies" (Pet.'s Mem. 22); show that there were inconsistencies between the bill of particulars and the companion civil complaint (id.); and produce witnesses to contradict allegations made in the bill of particulars.  (See id. at 19-20 (Petitioner could have countered the allegation that he would "molest [the complainant] following weekly Tuesday night dinners," by presenting witnesses who would state that "complainant only attended two or three of these dinners.").)

Failure to show the bill of particulars to a defendant in a criminal case could affect the "nature of the advice and the voluntariness of the plea," Tollett, 411 U.S. at 266, and thus, this claim is not waived as an antecedent legal error.  The claim is, however, unexhausted, since Petitioner failed to raise it on either his direct appeal or his state collateral proceeding.  To proceed in federal court, a habeas petitioner must show that he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  When a petitioner has an unexhausted complaint, the federal habeas court can either stay the federal proceeding, and allow the petitioner an opportunity to return to state court, or dismiss the claim on its merits.  28 U.S.C. § 2254(b)(2).  The Supreme Court has made clear that courts should only stay proceedings "in limited circumstances," and should dismiss "plainly meritless" claims.  Rhines v. Weber, 544 U.S. 269, 277, 278 (2005).  For the reasons that follow, this claim is "plainly meritless," id. at 278, and is dismissed.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court outlined a two part standard for ineffectiveness claims.  First, a court must look at the attorney's performance and decide whether "counsel's representation fell below an objective standard of reasonableness."

9

Id. at 668. In other words, a petitioner's assertions against counsel must show that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. If the court determines that a defendant has met the performance prong of the standard, it must then consider the prejudice prong: whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

It is difficult to satisfy the performance prong of the Strickland standard. Counsel is "presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. This is a hard presumption to overcome. See Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001) ("The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard."). In this case, however, assuming that Petitioner is correct that it was ineffective assistance of counsel for his trial attorneys to fail to show him the bill of particulars, he is not able to show that any prejudice flowed from that failure.

When a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1985). Petitioner claims that he would have been able to point out inaccuracies and inconsistencies in the bill of particulars that would have led to the dismissal of some of the 36 charges against him. He does not show, however, that the information he could have given his lawyers based on a review of the bill of particulars would have been directed to the four specific counts to which he pled guilty. For

instance, Petitioner's claim that he could have shown that Complainant was absent from some of the Tuesday night dinners, or that Petitioner was away certain weekends in December, 1996, is not evidence that he did not commit the acts of Sodomy to which he pled guilty. At his plea hearing, Justice Solomon asked Petitioner about each of the four counts, and he acknowledged having committed the acts specified in each count. (See Transcript dated May 7, 2002 ("05/07 Tr."), attached as Ex. R to Gimpel Decl.[7]) Petitioner has not shown that he was prejudiced by the failure to show him the bill of particulars because he has not shown how any of the alleged flaws in the bill of particulars related to the four counts to which he pled guilty.

### 3. Failure to Prepare for Trial and Errors at Sentencing

Petitioner's third claim is that his lawyers were ineffective because they did not prepare for trial. He claims that Mr. Bondy and Mr. Fogelnest did not spend enough time on his case, and that their lack of preparation caused him to plead guilty. (Pet.'s Mem.19.) His fourth claim is that his lawyers were ineffective because of several errors at sentencing. Petitioner claims his attorneys failed to object to four specific mistakes in the pre-sentence report. (Id. at 25.) First, the report contained an "inaccurate" statement that Petitioner had been convicted of four counts of sodomy rather than two; second, that the report stated multiple "victims" would speak at the sentencing hearing when, in fact, there was only one victim; third, that the report listed a "sentence promise" of "1 1/3-4 consecutive or 2 2/3 to 8 yrs [sic]," when the only promise made by the judge was a state prison sentence[8]; and fourth, that the pre-sentence report misstated one

---

[7] Petitioner pled guilty to counts 2, 6, 10 and 14 of the indictment. For each count Justice Solomon repeated the act charged and asked Petitioner if the charge was true. See 05/07 Tr. 212-13 ("THE COURT: Count two of the indictment charges that between September 1st of 1996 and September 30th of 1996, that you were over twenty-one (21) [sic] years old and that during that time you engaged in deviate sexual intercourse with a boy who was less than seventeen (17). Is that true? . . . THE DEFENDANT: Intercourse, no. THE COURT: Well, it says here that there was deviate sexual intercourse. It says contact between your mouth and the boy's penis. Is that what you did? THE DEFENDANT: Yes Sir."). A similar colloquy occurred for each of the four counts. See id. at 213-14.

[8] Instead, it was the State which promised to *recommend* the sentence of two consecutive 1 1/3-4 year terms.

11

of the counts to which Petitioner pleaded.[9]  He also claims that Mr. Fogelnest was ineffective at sentencing because he did not object when the judge brought up a letter written by another "young boy" who claimed he had been abused by Petitioner.  (Id. at 28.)  Finally, Petitioner argues that Mr. Fogelnest was ineffective because he made disparaging remarks about Petitioner to the sentencing judge.  (See id.. at 27 ("Fogelnest began by impugning petitioner's credibility . . . and suggesting that he might be considered 'among the most horrible people' . . . . [H]e added that if the victim had been his son, he would have wanted petitioner 'hurt"(internal citations omitted).).

Both claims were raised in Petitioner's Section 440 motion, and dismissed by Justice Solomon on state procedural grounds.  (See Pet.'s § 440 Mot.)  Justice Solomon ruled that Petitioner's claim that his lawyers were unprepared for trial was procedurally barred under CPL § 440.10(2)(c) because "sufficient facts appear in the record such that would have allowed [the claim] to have been raised on direct appeal." People v. Schwartz, Ind. No. 3771/01, slip op. (Sup. Ct., New York Co. Mar. 29, 2005).  Justice Solomon also held that the claim of ineffective assistance of counsel at sentencing was procedurally barred "under CPL  440.10(2)(a)[10] and (c)." Schwartz, Ind. No. 3771/01 ("The Appellate Division[] . . . rejected [Petitioner's] claim of ineffective assistance of counsel . . . based on . . . counsel's failure to object to the Court's consideration of certain letters on the issue of sentence.  The other reasons [Petitioner] now points to in support of his argument . . . [could] have been raised on direct appeal.").

In most cases a "federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment 'rests on a state law ground that is

---

[9] See Pet.'s Mem. at 26 ("While petitioner pled guilty to four counts involving contact between petitioner's mouth and the complainant's penis, the probation report incorrectly represented that the first count . . . involved contact between the defendant's penis and the mouth of the [complainant]" (internal citations and quotations omitted).).
[10] Section 440.10(2)(a) bars claims that have been previously rejected on the merits.

12

independent of the federal question and adequate to support the judgment.'" Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)); see also Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001) (holding that dismissal via CPL § 440.10(2)(c) of ineffective assistance of counsel claim by state court procedurally barred federal court from hearing claim without showing of cause and prejudice.). A federal court will not review the merits of a procedurally barred claim unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) ("[B]ecause of the procedural default, DiGuglielmo is not entitled to have the claims entertained in a federal habeas proceeding unless he can show cause for the default and actual prejudice resulting therefrom . . or show that he is actually innocent.") (internal quotations and citations omitted)).

To show cause for a procedural default by state appellate counsel, Petitioner must show that some "objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule," Murray v. Carrier, 477 U.S. 478, 479 (1986), or, that his appellate attorney's performance was "constitutionally ineffective under the standard established in *Strickland v. Washington."* Id. at 488; see also Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (Not just any deficiency in counsel's performance will do . . . the assistance must have been so ineffective as to violate the Federal Constitution."). Prejudice is established by showing a "reasonable probability" that but for the alleged violation the result of the proceedings would have been different. Strickler v. Greene, 527 U.S. 263, 296 (1999). Finally, in order to prove a fundamental miscarriage of justice a petitioner must show that he was "actually innocent." Aparicio, 269 F.3d at 90.

Petitioner has not shown cause for failing to raise any of these claims on direct appeal. He has not shown that there was an "objective factor external to the defense impeded [appellate] counsel's effort to comply with the State's procedural rule," Murray, 477 U.S. at 479, or, that his appellate attorney's performance was "constitutionally ineffective." Id. at 488.[11] Furthermore, because Petitioner makes no claim of actual innocence, it is not a fundamental miscarriage of justice to dismiss these claims without further review.

## CONCLUSION

For the reasons stated above, Petitioner's Section 2254 petition is denied. Because his Petition is dismissed, there is no need to address his motion for discovery.

IT IS SO ORDERED.

Dated: New York, New York
       December 6, 2006

Robert P. Patterson, Jr.
U.S.D.J.

*Copies of this Opinion and Order Sent to:*

For Petitioner:
Mark Gimpel
3333 Henry Hudson Parkway
Suite 2-G
Bronx, NY 10463
Tel: (718) 432-0042

For Respondent

---

[1] Nor would he be able to raise such a claim in federal court without having raised it in his Section 440 motion. See DiSimone v. Phillips, 461 F.3d 181, 191 (2d Cir. 2006) ("The Supreme Court has held that ineffective assistance of appellate counsel claims cannot constitute 'cause' for procedural default unless first presented in state court as an independent constitutional claim.") (citing Edwards, 529 U.S. 446 (2000)).

Eliot Spitzer
Attorney General of the State of New York
120 Broadway
New York, NY 100271
By: Chelsea Chaffee, Assistant Attorney General, of Counsel
Tel:    212-416-8109