UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JERROLD SCHWARTZ,

                Petitioner,                05 Civ. 10305 (RPP)

      - against -                       OPINION AND ORDER

SUSAN CONNELL,

                Respondent.
------------------------------------------------------------X

ROBERT P. PATTERSON, JR., U.S.D.J.

      On December 7, 2006 this Court denied Petitioner's Section 2254 petition. See Schwartz v. Connell, No. 03 CIV 10305 (RPP), 2006 WL 3549660 (S.D.N.Y. 2006). In a letter dated December 18, 2006 ("Pet.'s Letter"), Petitioner asks the Court to grant a Certificate of Appealability ("COA").

      According to 18 U.S.C. § 2253(c), in order to merit a COA Petitioner must make "a substantial showing of the denial of a constitutional right." For issues resolved on the Merits a substantial showing "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983))). For issues dismissed on procedural grounds, a COA should be issued if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

      Petitioner asserts that the Court's rejection of "petitioner's claim that he was entitled to habeas relief based on his attorneys' failure to move for a dismissal of the

indictment on the ground that it was duplicitous," (Pet.'s Letter 2), merits a COA. However, the Supreme Court was clear, in Tollet v. Henderson, that "[w]hen a criminal defendant has . . . admitted . . . that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). Thus, this claim does not merit further review. See Slack, 529 at 484.

Petitioner also asserts that the issue of whether counsel was ineffective for failing to show him the bill of particulars merits a COA. (Pet.'s Letter 4.). The Court ruled that this claim was procedurally defaulted and does not believe that this ruling is "debatable." See Slack, 529 U.S. at 484.

For the aforementioned reasons, Petitioner's request for a COA is denied.

IT IS SO ORDERED.

Dated: New York, New York
       December 21, 2006

_____
Robert P. Patterson, Jr.
U.S.D.J.

*Copies of this Opinion and Order Sent to:*

For Petitioner:
Mark Gimpel
3333 Henry Hudson Parkway
Suite 2-G
Bronx, NY 10463
Tel: (718) 432-0042

For Respondent

Eliot Spitzer
Attorney General of the State of New York
120 Broadway
New York, NY 100271
By: Chelsea Chaffee, Assistant Attorney General, of Counsel
Tel:    212-416-8109